SECURITY SAVINGS & COMMERCIAL BANK v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted February 8, 1922. Decided March 6, 1922.)

No. 3608.

1. Taxation ⬤⤳53—Tax on gross earnings of savings bank held a franchise tax.

The tax levied by Act July 1, 1902, § 6, par. 7, as amended by Act April 28, 1904, upon incorporated savings banks, amounting to 4 per cent. of their gross earnings, less the interest paid their depositors, is a franchise tax, computed on the basis of gross earnings, and not a property tax, so that the tax is valid, though a portion of the gross earnings consisted of interest derived from liberty bonds and other securities exempt from taxation.

2. Taxation ⬤⤳1—Nature of tax, and not name given it, controls.

In determining whether a tax is a property or an excise or franchise tax, the designation of the tax by the Legislature is of little importance, but the substance of the statute controls.

3. Taxation ⬤⤳10—National banks cannot be taxed by states without consent of Congress.

National banks, being creatures of the federal government, may not be taxed by the state, either on their property or their franchise, without permission of Congress.

Appeal from the Supreme Court of the District of Columbia.

Action by the Security Savings & Commercial Bank, a corporation, against the District of Columbia, to recover a tax paid under protest. From a judgment dismissing the cause, plaintiff appeals. Affirmed.

J. I. Peyser and Milton Strasburger, both of Washington, D. C., for appellant.

Theodore D. Peyser and F. H. Stephens, both of Washington, D. C., for District of Columbia.

SMYTH, Chief Justice. The appellant is a savings bank, incorporated under the laws of West Virginia, and doing business in the

District of Columbia. Pursuant to Act July 1, 1902 (32 Stat. 617) § 6, par. 7, as amended by Act April 28, 1904 (33 Stat. 563),·a tax was levied upon the gross earnings of the bank. These earnings included $16,517.33, interest derived from liberty bonds, victory bonds, war savings stamps, and certificates of indebtedness of the United States, which, under the law providing for their issuance, are exempt from taxation. The tax on the earnings derived from these securities was paid under protest, and the bank, claiming the tax was void, instituted this action for its recovery. It was found by the court below that the tax was valid, and a .judgment dismissing the case was entered.

The provision of the statute under which the tax was levied reads thus:

"That hereafter, beginning with the fiscal year commencing July first, nineteen hundred and four, incorporated savings banks paying interest to their depositors, shall, through their president or cashier, make report under oath to the board of personal tax appraisers on or before the first day of August in each year as to the amount of their gross earnings, less the amount paid as interest to their depositors for the preceding year ending June thirtieth, and shall pay thereon to the collector of taxes of the District of Columbia four per centum per annum."

[1] Appellant says the tax is a property one. If so, it is invalid. About this there is no contention. But it is asserted by the District that it is not a property tax, but a franchise or excise tax, levied on the right of the corporation to do business in the District, and as such is valid. If this were a question of first impression, it might present difficulty; but it seems to us that it is easily solvable in the light of the decisions of the Supreme Court of the United States upon the subject. It has been considered by that tribunal in a number of cases. Society for Savings v. Coite, 6 Wall. 594, 18 L. Ed. 897; Delaware Railroad Tax, 18 Wall. 206, 21 L. Ed. 888; Spreckels Refining Co. v. McClain, 192 U. S. 397, 411, 24 Sup. Ct. 376, 48 L. Ed. 496; Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; United States v. Whitridge, 231 U. S. 144, 34 Sup. Ct. 24, 58 L. Ed. 159. In each a statute not in precisely the same language, but in substance the same as the one before us, was construed, and it was held that the tax imposed was a license or excise tax. A tax on the total amount of deposits (Society for Savings v. Coite, supra); on the net earnings received from all sources during the preceding year (Delaware Railroad Tax Case); on the gross receipts of a railroad (Reading Railroad Co. v. Pennsylvania, 15 Wall. 284, 21 L. Ed. 164); on the gross annual receipts arising from business (Spreckels, etc., v. McClain, supra); on the doing of corporate or insurance business (Flint v. Stone Tracy Company, supra); and on the par value of authorized stock (United States v. Whitridge, supra)—was held to be a franchise tax.

It will be observed that the paragraph we are considering imposes upon the corporation the duty of paying the tax, and provides that the amount shall be determined by the sum of the gross earnings. If there are no earnings, there will be no tax, no matter how much property the corporation may own, and there will be no earnings unless business

is done. The amount of the tax fluctuates with the quantity of business transacted, and is measured by it. This indicates an intention to tax the doing of business, and not the property; hence the tax is a franchise tax. Thus reasons the Supreme Court of the United States in the decisions just referred to.

In the Spreckels Case we find this language:

"Clearly the tax is not imposed upon gross annual receipts as property, but only in respect of the carrying on or doing the business of refining sugar. It cannot be otherwise regarded because of the fact that the amount of the tax is measured by the amount of the gross annual receipts."

Here the tax is measured by the amount of the gross earnings.

According to Baltic Mining Co. v. Massachusetts, 231 U. S. 68, 83, 34 Sup. Ct. 15, 17 (58 L. Ed. 127), "a resort to the receipts of property or capital employed in part at least in interstate commerce, when such receipts or capital are not taxed as such but are taken as a mere measure of a tax of lawful authority within the state, has been sustained" as a franchise tax in many cases there cited.

[2] The statute construed in some of the foregoing cases denominated the tax as an excise or franchise tax. But while this is of some weight in getting at the meaning of the Legislature, little importance is given to it by the court. Flint v. Stone Tracy Company, supra. Not the name by which the tax is called, but the substance of the statute, determines the conclusion to be reached.

[3] Some stress is laid by the appellant on Cudahy Packing Co. v. Minnesota, 246 U. S. 450, 38 Sup. Ct. 373, 62 L. Ed. 827, and Owensboro National Bank v. Owensboro, 173 U. S. 664, 19 Sup. Ct. 537, 43 L. Ed. 850. In the former the question was whether or not a tax levied by the Legislature of Minnesota upon the gross earnings of the company within the state was an unconstitutional tax or burden on interstate commerce. If it was, the tax was not enforceable. The Supreme Court of Minnesota, construing this statute, said that it was a property tax, and the Supreme Court of the United States followed that construction. In the Owensboro Case it was decided that an alleged franchise tax, levied under an act of the Legislature of Kentucky upon a national bank, was void because not authorized by Congress. National banks, being creatures of the federal government, may not be taxed by the state, on their property or their franchises, without permission of Congress. Obviously these cases have no bearing on the point before us.

Counsel for appellant say this court decided the question in Chesapeake & Potomac Telephone Co. v. District of Columbia, 39 App. D. C. 565, in accordance with their contention; but we think not. The point in that case was whether or not the 20 per cent. which the statute required the assessor to add to the assessed value of tangible property, where the owner failed to make a return within the time provided by law, was applicable to the telephone company. The blank sent to the company by the assessor called for a listing, not only of its personal property, but also of "taxable capital, or *other basis* of assessment." The company was taxable on its gross earnings only. It failed to make

the return in time, and the assessor added the 20 per cent., which the company paid under protest, and then sued to recover. The court held that gross earnings were in the category of "other basis of assessment," and that the assessor was required to make the 20 per cent. addition "to all the different classes of taxes imposed by the law," and hence to the company's return. The case did not turn at all upon the point before us, although the court in its opinion observed that the plaintiff insisted that the tax was a franchise tax. In answer it said that it was not so denominated in the law, that the gross earnings were personal property, and that it would seem that Congress intended the tax upon those earnings to be in lieu of a tax on personal property. All of which could be true, even though the tax was a franchise tax. But, we repeat, the court did not 'decide the point we have here. Instead it placed its decision upon another ground.

From the foregoing review of the authorities, we are of the opinion that the tax in question is valid, and that the judgment of the lower court should be, and it is, affirmed, with costs.

Affirmed.