## SCHWAB v. RICHARDSON, AS TREASURER OF THE STATE OF CALIFORNIA.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 81. Submitted October 15, 1923.—Decided November 12, 1923.

1. A State may tax the franchise of a corporation of its own creation upon a valuation arrived at by deducting from the actual or market value of its capital stock the value of its tangible property within and without the State, by assigning, as the assessable and taxable value within the State, such part of this difference as is proportional to the business of the corporation transacted there, compared with its outside business, and by levying the tax upon a percentage of this taxable value. P. 91.

2. A tax so assessed, not excessive in amount, on a corporation largely engaged in interstate and foreign commerce, _held_, not objectionable as depriving the corporation of property without due process of law or as regulating or burdening such commerce. _Id._

188 Cal. 27, affirmed.

ERROR to a judgment of the Supreme Court of California which affirmed a judgment given on the pleadings against the plaintiff in error in his suit to recover a tax, paid under protest.

_Mr. W. I. Brobeck_ and _Mr. Herbert W. Clark_ for plaintiff in error.

_Mr. U. S. Webb,_ Attorney General of the State of California, for defendant in error. _Mr. Frank L. Guerena,_ Deputy Attorney General, was also on the brief.

MR. JUSTICE McKENNA delivered the opinion of the Court.

The case presents the validity of state taxation on the franchise of the Oceanic Steamship Company, a corporation of the State of California.

There is no dispute of facts. The case turns entirely upon the law applicable to them. The Company was organized to engage under California laws in the transportation of freight and passengers between San Francisco and the Hawaiian Islands and certain foreign countries, and did no intrastate business except the purchase of its fuel and supplies used in its transportation business.

The Company made a written report to the State Board of Equalization as required by the law of the State. The report contained a concise statement and description of every franchise enjoyed by the Company, and other matters required of the Company by the law.

The Board, in pursuance of the law and the constitution of the State, determined the value of the franchise granted by the State to be $120,000 and assessed and levied a tax

thereon of one per cent. which amounted to the sum of $1,200. It is contended that the assessment and levy were and are void under § 1 of Amendment XIV of the Constitution of the United States, because thereby the Board assessed and taxed the Company on property the situs of which was, for more than a year prior to the assessment, and is, without the State of California and beyond the jurisdiction of the State for the purpose of taxation, and attempts to regulate and burden interstate and foreign commerce.

The specification of the means is expressed in the complaint, in addition to the situation of the Company's property, as follows: The Company engaged in business outside of the State. In assessing the franchise of the Company the Board of Equalization did so in pursuance of a fixed rule and general system which necessarily was discriminatory and inequitable. The Board ascertained the actual or market value of the capital stock of the Company, which was constituted of all the value of its property outside of the State, and from such sum deducted the value of the tangible property of the Company in and out of California, and the sum thus ascertained was held by the Board to be the value of the franchise of the Company. The Board then ascertained the percentage and proportion of the total business of the Company transacted in California during the year 1913, and determined the same percentage and proportion of the total franchise value to be the value of the franchise assessable and taxable in California, and the Board thereupon took 15% of that sum, which amounted to $120,000, and on that sum levied a tax at the rate of 1%, amounting to $1,200. And it is alleged that the market value of the shares of capital stock of the Company was at all times materially increased by reason of, and in a great part due to, the ownership and use by the Company of the property outside of the State.

The Company paid the tax under protest. It subsequently assigned its claim to Edwin Schwab, plaintiff in error, who brought this action in the Superior Court of San Francisco against the State, basing the ground of action upon the illegality of the tax.

· The answer of the Treasurer to the complaint admitted the assessment of the franchise but denied that the method pursued by the Board of Equalization in the assessment produced a result which was unnecessarily or at all discriminatory, or necessarily or at all inequitable.

Denied that the assessment was or is void under any law or for any reason whatsoever, or that the Board assessed or taxed the Company on any property the situs of which was or is without the State or beyond the jurisdiction of the State for the purpose of assessment.

Alleged that the value of the franchise was the sum fixed by the Board.

Judgment was moved on the pleadings, and plaintiff in error elected to stand on the motion without introducing evidence. The motion was denied and judgment rendered against him. It was affirmed by the Supreme Court. 188 Cal. 27.

Three contentions are made against the assessment and levy. (1) They deprive the Company of its property without due process of law. (2) They are an attempt to regulate interstate and foreign commerce. (3) They are burdens upon interstate commerce.

The argument is that they have such effect because they are "based on the value of property outside of California and on interstate and foreign commerce engaged in, so that the amount of" them "grows in proportion to the growth of such property and commerce."

· The basis of the contention is not a new one in this Court. It is not always easy to answer and has involved difference of opinion. Any property of a corporation engaged in interstate commerce may be said to take on

value from such commerce and a tax on the property be increased as the commerce increases. The cases, however, have been careful to distinguish when such effect produces illegality and when it does not.

They have been careful to declare the immunity of interstate commerce from state taxation, but as careful to declare the power of a State to tax values within its borders though they may get enhancement from the exercise of rights outside of those borders. How intimate and direct such rights must be cannot be pronounced in formula. A State may not burden or interfere with interstate commerce or tax property outside of its borders, yet, on the other hand, it has a definite sphere of government which must not be curtailed. Certainly it is not restricted to property taxation, nor to any particular form of excises.

The exertion of the power of a State in taxation has been considered in many cases. A review of them we do not think is necessary. Their pertinence and value are not insistent. The present case is more single. Its instance—the taxation exercised—is upon intangible property. The power of a State over that has been declared many times and has many illustrations. The case is, therefore, free from the perplexity of a consideration of situs which may beset tangible property. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194. It is strictly a franchise tax laid on the Company because it derives its existence—its right to be—from the State.

This is the field within which this case lies and we are not concerned with those which reach beyond that field. To this we confine ourselves. The State has taxed the right which it granted, and which it was competent to tax. *Horn Silver Mining Co.* v. *New York,* 143 U. S. 305. *Postal Telegraph Cable Co.* v. *Adams,* 155 U. S. 688; *Kansas City, etc., Ry. Co.* v. *Botkin,* 240 U. S. 227; *Cream of Wheat Co.* v. *Grand Forks,* 253 U. S. 325. And

it has been recognized that its—the franchise's—value may be constituted of its employment in interstate commerce, and have measurement in the property which is its instrumentality. *Kansas City, etc. Ry. Co.* v. *Botkin, supra; St. Louis-San Francisco Ry. Co.* v. *Middlekamp,* 256 U. S. 226.

Plaintiff in error resists these cases, yet concedes the power of the State to tax the franchise—a "right of its own creation," and concedes that neither the constitutional provisions nor the statute under which the tax was levied "are on their face obnoxious to the commerce or due process clause of the Federal Constitution." That effect is worked, it is the contention, emphasized by repetition, because the tax is based in whole or in substantial part on the value of the property outside of California, or on interstate or foreign commerce engaged in, so that the amount of it grows in proportion to the growth of such property or commerce.

The contention and its basis are in antagonism to the cases cited and their authority. A repetition of their reasoning is unnecessary. They establish that the method pursued by the Board was not illegally oppressive to interstate commerce or beyond the jurisdictional power of the State. We agree with the Supreme Court that it was admitted by the motion for judgment on the pleadings, without introducing evidence, that the tax was not excessive and that if the State had jurisdiction the imposition of the tax was a proper exercise of it.

*Judgment affirmed.*