## WILBUR, Secretary of the Navy, v. UNITED STATES ex rel. C. L. WOLD CO.

Court of Appeals of District of Columbia.

Submitted December 6, 1928. Decided February 4, 1929.

No. 4834.

Leo A. Rover, John W. Fihelly, and Philip Walker, all of Washington, D. C., for appellant.

Bynum E. Hinton, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District in a mandamus proceeding directing the Secretary of the Navy to investigate and act upon appellee's claim, filed in virtue of section 8 of the Act of March 4, 1925 (43 Stat. 1269, 1273). The facts are not in dispute.

On March 22, 1918, the appellee contracted with the Navy Department to construct a storehouse building at Pearl Harbor, Hawaii, for the sum of $37,139. The contract provided for liquidated damages at the rate of $25 per day for each day the completion of the building was delayed beyond the time stipulated. With the approval of the Navy Department the contract for the necessary steel was sublet to the Kansas City Structural Steel Company of Kansas City, Kansas. This company was working on orders and contracts for steel required by the government for the erection of plants for the manufacture of explosives and other war materials, for all of which orders and contracts for steel the government had given priority ratings, which were enforced by inspectors and agents representing the United States government, with the result that appellee suffered a delay of 44 days in getting the steel necessary for the construction of the storehouse. This delay resulted in the assessment against the appellee of $1,100 as liquidated damages.

Subsequent to the passage of the above act of 1925, appellee filed his claim with the Secretary of the Navy, who ruled that the proof failed to show that appellee had suffered a net loss in the performance of the contract, and advised appellee that it would be necessary to show such a loss before consideration could be given to the claim. Appellee, having made a small profit on the contract, was unable to make the required showing of a net loss, and, being of the view that the Secretary had misinterpreted the plain provisions of the relief act, filed the petition herein.

Section 8 of the above act is entitled "Relief of Contractors," and authorizes and directs the Secretary of the Navy "to make thorough investigation of the merits of the claims (including claims for release from government claims for liquidated damages, but excluding claims in cases where a full, final, unqualified release has been given the United States), which may be submitted to him in writing within six months after the passage of this act, and verified under oath, for any loss alleged to have been caused to any of such claimants in the performance of any fixed price (including fixed unit price) contract with the United States through the Secretary of the Navy, or the Navy Department, * * * which loss was occasioned by the action of any government agency by reason of priority orders for material, or transportation, commandeering of property, or other order of government authority not authorized by the contract on or between March 4, 1917, and November 11, 1918, inclusive." The act further requires the Secretary of the Navy to submit estimates of appropriations required to satisfy such of the claims as he may investigate under this authority as may be found to possess merit, his estimates to be accompanied by a comprehensive presentation of the facts in each case. The next paragraph of the section reads as follows:

"No claim shall be considered under this authorization for alleged losses on account of increases in wages until a claimant shall have established proof to the satisfaction of the Secretary of the Navy that he actually paid his employees the award ordered or recommended by the Macy Board or other government agency and that his entire volume of business with the government during the period covered by the claim did not yield a net profit."

The Secretary construed the words "any loss," in the first paragraph of section 8, to mean a net loss on the contract as a whole; in other words, that although, as the result of the action of a government agency, the contractor had suffered a loss (in the present case a loss of $1,100), the contractor must show a net loss on his contract as a whole to be entitled to relief.

■■ In our view, the relief act is free from ambiguity, and effect should be given to its plain terms. Rules of statutory construction are never used to create, but only to remove, a doubt. Dewey v. United States, 178 U. S. 510, 521, 20 S. Ct. 981, 44 L. Ed. 1170, Russell Motor Car Co. v. United States, 261 U. S. 514, 519, 43 S. Ct. 428, 67 L. Ed. 778. Its general purpose was to relieve contractors against "any loss" in the performance of fixed price and fixed unit price contracts, if the loss was occasioned by any agency of the government in its war activities. The words used are "any loss," and not "net loss." "Loss" means any deprivation. Queenan v. Palmer, 117 Ill. 619, 7 N. E. 470, 613. It is a generic term, of which "damage" is a species. They are synonymous. Fay v. Parker, 53 N. H. 346, 16 Am. Rep. 270. Failure to keep that which one has is "loss." Fochrenbach v. German-Am. Title & Trust Co., 217 Pa. 331, 66 A. 561, 12 L. R. A. (N. S.) 465, 118 Am. St. Rep. 916.

In one class of contracts only, namely, those in which loss was claimed by reason of increases in wages, does the statute require the contractor to prove "that his entire volume of business with the government during the period covered by the claim did not yield a net profit." This provision plainly indicates that, when Congress desired a showing by the contractor that his dealings with the government during the period covered by his claim "did not yield a net profit," it used language appropriate to that end. The rule, "expressio unius est exclusio alterius," therefore applies.

■ It follows that the ruling of the Secretary, that in the absence of proof of a net loss no consideration would be given appellee's claim, was without legal justification and within the power of the court to correct. American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 111, 23 S. Ct. 33, 47 L. Ed. 90, Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 69 L. Ed. 256.

Judgment affirmed.

Affirmed.