### POTOMAC ELECTRIC POWER CO. v. HAZEN et al.

#### No. 6708.

United States Court of Appeals for the District of Columbia.

Decided April 5, 1937.

Rehearing Denied April 24, 1937.

S. R. Bowen and H. W. Kelly, both of Washington, D. C., for appellant.

Elwood H. Seal, Hinman D. Folsom, and Raymond Sparks, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District (now District Court of the United States for the District of Columbia) dismissing appellant's (plaintiff below) bill to set aside and declare null and void an assessment and taxes levied on its gross earnings from the sale of electricity in the State of Maryland, and from rent of land, buildings, and equipment within that State amounting to $45,303.84 for the fiscal year ending June 30, 1935.

Paragraph 5 of section 6 of the Act of July 1, 1902 (chapter 1352, 32 Stat. 590, 617, 619), required "all gas, electric lighting, and telephone companies, through their proper officers," to make affidavit to the Board of Personal Tax Appraisers of the District of "the amount of its or their gross earnings for the preceding year," and to pay to the collector of taxes of the District "per annum on such gross earnings as follows: * * * each gas company, five per centum; each electric lighting, and telephone company, four per centum. And in addition thereto the real estate owned by each * * * gas, electric lighting and telephone company in the District" to be taxed as other real estate in the District; "Provided, That street railroad companies shall continue to pay the four per centum per annum on their gross receipts and other taxes as provided by existing law."

Paragraph 5 has remained unchanged, except as amended by the Act of April 28, 1904 (chapter 1815, 33 Stat. 563, 564), providing "that that part of the proviso in paragraph five, section six, relating to street railroads 'shall be construed to mean that all street railroad companies shall pay four per centum per annum on their gross receipts within the District of Columbia and other taxes as provided by existing law.'" Section 760, tit. 20, D.C.Code 1929.

On July 31, 1934, appellant in its affidavit to the Board of Personal Tax Appraisers omitted, as theretofore, gross earnings from operations outside of the District, contending that the act of 1902 providing for the imposition of a gross earnings tax on electric lighting companies is local in character and intended to have local operation only; that if the act should be construed to have more than local scope it would be unconstitutional—an attempt to regulate a matter of national concern in a law passed solely for and limited to the District of Columbia.

The appellees insist that the tax is a franchise tax, measured by gross earnings, and not a tax upon gross earnings. They concede, as of course they must, that a tax on gross earnings derived from interstate commerce is a burden upon that com-

408

merce and repugnant to the commerce clause. United States Glue Co. v. Oak Creek, 247 U.S. 321, 38 S.Ct. 499, 62 L.Ed. 1135, Ann.Cas.1918E, 748; Matson Nav. Co. v. State Board, 297 U.S. 441, 56 S.Ct. 553, 80 L.Ed. 791. In the Glue Co. Case the court said (at page 326 of 247 U.S., 38 S.Ct. 499, 500, 62 L.Ed. 1135, Ann.Cas. 1918E, 748): "It is settled that a state may not directly burden interstate commerce, either by taxation or otherwise. But a tax that only indirectly affects the profits or returns from such commerce is not within the rule." In Schwab v. Richardson, 263 U.S. 88, 44 S.Ct. 60, 62, 68 L.Ed. 183, it was contended that a tax assessment was an attempt to regulate interstate and foreign commerce and a burden upon interstate commerce. The court observed that the cases "have been careful to declare the immunity of interstate commerce from state taxation, but as careful to declare the power of a state to tax values within its borders though they may get enhancement from the exercise of rights outside of those borders." In Security Savings & Commercial Bank v. District of Columbia, 51 App.D.C. 316, 279 F. 185, and in Potomac Electric Power Co. v. Rudolph, 58 App.D. C. 261, 29 F.(2d) 634 (certiorari denied 278 U.S. 656, 49 S.Ct. 185, 73 L.Ed. 565), we ruled that the tax assessed under the act of 1902, as amended, was a franchise tax, and we adhere to that ruling.

But plaintiff insists that the doctrine of contemporaneous construction is applicable and should control. "Rules of statutory construction are never used to create, but only to remove, a doubt." Wilbur v. United States, 58 App.D.C. 347, 30 F.(2d) 871. "It is only where the language of the statute is ambiguous and susceptible of two reasonable interpretations that weight is given to the doctrine of contemporaneous construction." Houghton v. Payne, 194 U.S. 88, 24 S.Ct. 590, 593, 48 L.Ed. 888. The language of paragraph 5 of section 6 of the act of 1902, as amended, is not ambiguous. It provides for an affidavit by each utility company within its terms "as to the amount of its or their gross earnings," and requires the payment of a tax measured on such gross earnings. The statute is all inclusive—covering gross earnings from whatever source. Under the act of 1902 street railroad companies were required to pay tax on their gross receipts generally and without restriction. But by the amendment of 1904 Congress narrow-

ed the scope of the railroad tax to gross receipts *within* the District, thereby plainly evincing an intent to maintain or continue in force the broad scope of the tax imposed on the other utilities covered by the act. There being no violation of the Constitution, Congress of course may select the subjects of taxation and tax them differently as it sees fit. Crooks v. Harrelson, 282 U.S. 55, 61, 51 S.Ct. 49, 75 L.Ed. 156; Lang v. Commissioner, 289 U.S. 109, 113, 53 S.Ct. 534, 77 L.Ed. 1066.

Decree affirmed.

Affirmed.