**DISTRICT GROCERY STORES, Inc., v. DISTRICT OF COLUMBIA.**

No. 89870.

District Court of the United States for the District of Columbia.

July 21, 1938.

448

W. Gwynn Gardiner, James M. Earnest, and W. Gwynn Gardiner, Jr., all of Washington, for plaintiff.

Elwood H. Seal, Corp. Counsel of D. C., Vernon E. West, Prin. Asst. Corp. Counsel, and Glenn Simmon, Asst. Corp. Counsel, all of Washington, D. C., for defendant.

BAILEY, Justice.

I think that it is clear that the plaintiff, apart from any question of its carrying on a business for profit, is carrying on a business for economic gain and therefore comes within the provisions of Title VI, Section 1(d) of the District of Columbia Revenue Act of 1937, D.C.Code Supp. III, 1937, T. 20, § 970, subsec. 1(d).

The second count of the declaration is based upon Section 11(b) of the Regulations of the defendant relative to Title VI of the above act, which is as follows:

"Where one person purchased a quantity of goods, wares or merchandise for or on behalf of himself and some other person or persons and received and paid for the entire quantity, and upon redelivery to such person or persons received the price of part of such merchandise redelivered to such person or persons, the amount so received from such person or persons was not gross receipts and no tax shall be computed thereon."

The plaintiff does not purchase goods jointly for itself and others, but after acquiring title to all the goods, it in turn sells the goods to its members at a higher price than that at which it bought them. The statute itself makes no exemption which would apply to the plaintiff.

The third count of the declaration is based upon the claim that a portion of the profits of the plaintiff's business is derived from commerce between the states, that a tax based upon the gross proceeds of such business is a burden upon interstate commerce, and that it is beyond the powers of Congress to lay such a burden.

There may be some question whether the District of Columbia is a state within the meaning of the provision of the Constitution giving Congress the power to regulate commerce between the states, U.S.C. A.Const. art. 1, § 8, cl. 3, but in the case of Stoutenburgh v. Hennick, 129 U.S. 141, 9 S.Ct. 256, 32 L.Ed. 637, the Supreme Court apparently assumed that commerce between the District of Columbia and one of the states came within that provision of the Constitution. That the question was raised is shown by the dissenting opinion of Justice Miller who dissented on the ground that such commerce was not commerce "among the several states".

The defendant claims that the tax in question is not a tax upon interstate commerce, but is an excise tax measured by the amount of the business, relying upon Baltic Mining Company v. Massachusetts, 231 U. S. 68, 34 S.Ct. 15, 58 L.Ed. 127, and Potomac Electric Power Company v. Hazen, 67 App.D.C. 161, 90 F.2d 406, but the former case has been definitely overruled on this point by the later case of Alpha Portland Cement Company v. Com. of Massachusetts, 268 U.S. 203, 45 S.Ct. 477, 69 L.Ed. 916, 44 A.L.R. 1219. I think that under this case the tax in question, so far as it may be levied upon gross receipts derived from interstate commerce, is a burden upon that commerce.

The defendant contends that the decisions of the Supreme Court to the effect that a state may not lay a burden upon interstate commerce, are based upon the ground that by the Constitution the control of such commerce is vested in Congress alone, and that these cases have no application to a case where Congress itself is laying the burden. This question has apparently not yet been passed upon directly by the courts. In Beitzell v. District of Columbia, 21 App.D.C. 49 the Court of Appeals held that it was not the intention of Congress to levy such a tax. In Stoutenburgh v. Hennick, above cited, it was held that the Legislative Assembly of the District had no such power and that Congress could not delegate such power, and that there was nothing in the record to justify the assumption that it endeavored to do so. In deciding that case, after citing cases holding that the states had no power to burden Interstate Commerce, the Court went on and said (page 258):

"The business referred to is thus definitely assigned to that class of subjects which calls for uniform rules and national legislation, and is excluded from that class which can be best regulated by rules and provisions suggested by the varying circumstances of different localities, and limited in their operation to such localities respectively. * * * It falls, therefore, within the domain of the great, distinct, substantive power to regulate commerce, the exercise of which cannot be treated as a mere matter of local concern and committed to those immediately interested in the affairs of a particular locality."

The court however declined to pass upon the question whether Congress had the power to itself pass such a law.

In Potomac Electric Power Company v. Hazen, above cited, referring to a tax for the support of the District government measured by the gross earnings of a District of Columbia corporation, the Court of Appeals said (90 F.2d page 407):

"The appellees insist that the tax is a franchise tax, measured by gross earnings, and not a tax upon gross earnings. They concede, as of course they must, that a tax on gross earnings derived from interstate commerce is a burden upon that commerce and repugnant to the commerce clause."

It is well settled that Congress has all the powers of taxation over the District of Columbia that a state would have. It is also settled that these powers are subject to the limitations of the Constitution. Downes v. Bidwell, 182 U.S. 244, 21 S.Ct. 770, 45 L. Ed. 1088. The question here is whether Congress has greater powers of taxation than a state would have.

I cannot conceive that the grant of power to Congress to regulate commerce between the states was intended to include the power to burden it for a particular community, but that as was said in Stoutenburgh v. Hennick, supra, "The business referred to is thus definitely assigned to that class of subjects which calls for uniform rules and national legislation." As was said in Texas & New Orleans Railroad Company v. Brotherhood of Railway & Steamship Clerks, 281 U.S. 548, at page 570, 50 S.Ct. 427, at page 433, 74 L.Ed. 1034, "The power to regulate commerce is the power to enact 'all appropriate legislation' for its 'protection or advancement' (The Daniel Ball, 10 Wall. 557, 564, 19 L.Ed. 999); to adopt measures 'to promote its growth and insure its safety' (County of Mobile v. Kimball, 102 U.S., 691, 696, 697, 26 L.Ed. 238); to 'foster, protect, control and restrain.'"

The tax in question is clearly not for any purpose such as these, but is solely for the benefit of the District of Columbia. The burden of this tax will fall indirectly at least upon those who live in the states and carry on commerce with those doing business here, as well as directly upon the latter.

Upon the whole and especially in view of the language of the Court of Appeals above cited, I am of the opinion that Congress had no power to lay this burden upon interstate commerce.

The demurrer will be sustained as to the first and second counts of the declaration, and overruled as to the third.