## MERCURY PRESS, Inc. v. DISTRICT OF COLUMBIA.

### No. 9754.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 17, 1948.

Decided Dec. 20, 1948.

Mr. Herbert G. Pillen, of Washington, D. C., for petitioner.

Mr. George C. Updegraff, Assistant Corporation Counsel, District of Columbia, of Washington D. C., with whom Mr. Vernon E. West, Corporation Counsel, District of Columbia, and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, District of Columbia, both of Washington, D. C., were on the brief, for respondent.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals for the District of Columbia. The tax involved is a property tax imposed on tangible personalty situate in the District of Columbia on a designated day in each year.[1] Petitioner reported separately, as not taxable, certain imported property. The Assessor levied a tax upon it. Upon appeal, the Board of Tax Appeals affirmed the assessment.

Petitioner imports newsprint from Canada, stores it in warehouses in the District, and sells it to publishers who break the original packages when the paper is put on the presses. Petitioner says that so long as the imported article remains in its original package it is not, and cannot be, taxed, because of the constitutional provisions relating to imports. Those provisions are that a State may not levy an impost without the consent of Congress, that the receipts from such imposts must go to the Treasury of the United States,[2] and that imposts levied by Congress must

---

[1] 32 Stat. 618 (1902), as amended, D. C.Code, § 47—1207 (1940).

[2] U.S.Const. Art. I, § 10, cl. 2.

be uniform geographically throughout the United States.[3] Petitioner says that if the tax in the case at bar was imposed by Congress in its local capacity, exercising the powers of a state legislature,[4] the act lacks the consent of the Congress in its capacity as the national legislature and so violates Section 10 of Article I of the Constitution; and that if, on the other hand, the tax was imposed by Congress in its national capacity, exercising national power, it lacks geographical uniformity and so violates Section 8 of Article I of the Constitution. But the dilemma thus posed is not as substantial as it appears.

■ When Congress legislates for the District of Columbia alone, it acts under the direct authority of Clause 17 of Section 8 of Article I of the Constitution.[5] In Neild v. District of Columbia,[6] we held that in so acting Congress has plenary legislative power, "Subject only to those prohibitions of the Constitution which act directly or by implication upon the federal government * * *." There is no constitutional prohibition upon the Federal Government in respect to the taxation of imports. Under that view of the local legislative function, therefore, there was ample power for the tax in the case at bar.

■ Petitioner says that all imposts by federal authority must be uniform throughout the country. This necessity for geographical uniformity applies not only to imposts but also to excises. The constitutional clause is: "all Duties, Imposts and Excises shall be uniform throughout the United States". It has long been established[7] that Congress may constitutionally impose excises in the territories which it governs directly, without making such excises generally applicable to the country at large. Many District of Columbia taxes are excises and have been upheld.[8] The uniformity requirement was not mentioned in any of these District of Columbia cases, but the omission seems to indicate that it was deemed to be a settled question. The courts sustained the taxes without referring to this constitutional restriction. So far as the uniformity requirement is concerned, the same constitutional validity which attaches to those excises attaches to this impost.

■ Under the view reflected in those cases which refer to the action of Congress in local District law-making as "in like manner as the legislature of a state",[9] power to enact the tax seems equally clear. The constitutional restriction upon State taxation of imports is not an absolute prohibition but is a pair of procedural qualifications. The consent of Congress must first be had, and the resultant proceeds must go to the federal Treasury. If the consent restriction applies to the statute here involved, it has been met, as consent could be evidenced in no clearer fashion than by the fact of enactment itself. That the proceeds of all local taxes go into the Treasury of the United States,[10] albeit credited to special accounts therein, is one of the best known and most debated features of the local government. So, if that requirement pertains to the tax in the case at bar, it has been met.

■ Thus we think that Congress had constitutional power to impose the tax here disputed. It seems equally clear that it

---

[3] U.S.Const. Art. I, § 8, cl. 1.

[4] Atlantic Cleaners & Dyers v. United States, 1932, 286 U.S. 427, 435, 52 S.Ct. 607, 76 L.Ed. 1204.

[5] Neild v. District of Columbia, 1940, 71 App.D.C. 306, 110 F.2d 246.

[6] 71 App.D.C. at page 310, 110 F.2d at page 250.

[7] Binns v. United States, 1904, 194 U. S. 486, 24 S.Ct. 816, 48 L.Ed. 1087.

[8] Neild v. District of Columbia, supra note 5; Potomac Electric Power Co. v. Hazen, 1937, 67 App.D.C. 161, 90 F.2d 406, certiorari denied, 1937, 302 U.S.

692, 58 S.Ct. 11, 82 L.Ed. 535; Potomac Electric Power Co. v. Rudolph, 1928, 58 App.D.C. 261, 29 F.2d 634; Security Savings & Com. Bank v. District of Columbia, 1922, 51 App.D.C. 316, 279 F. 185; Mark v. District of Columbia, 1911, 37 App.D.C. 563, 37 L.R.A.,N.S., 440.

[9] Gibbons v. District of Columbia, 1886, 116 U.S. 404, 407, 6 S.Ct. 427, 429, 29 L.Ed. 680, 681; Capital Traction Co. v. Hof, 1899, 174 U.S. 1, 5, 19 S.Ct. 580, 43 L.Ed. 873, 874; Sims v. Rives, 1936, 66 App.D.C. 24, 30, 84 F.2d 871, 877.

[10] 20 Stat. 105 (1878), as amended, D.C.Code, § 47—309 (1940).

did so. The tax applies, in the language of the statute, to "all tangible personal property", with exceptions and exemptions which do not include imports.

Petitioner says the constitutional restrictions upon the taxation of imports are such that a statute must be read as not applying to them unless they are named and specifically included. No authority is cited to the proposition. None of the cases dealing with State taxation to which our attention has been directed, intimates that because of their constitutional idiosyncrasies imports were outside the language of the statute under consideration. Those cases seem to assume that if the State had power to tax imports in the manner prescribed by the statute for property generally, it had taxed them, and without naming them. Petitioner's contention involves a non sequitur. That the phrase "all tangible personal property" in a congressional enactment excludes imported property does not follow from the premise that a State legislature lacks power to subject such property to its taxation. Congressional power and State power over imports are totally different. So, even if lack of State power should lead to the conclusion that a State statute, albeit all-inclusive in language, does not include imports, no such premise exists for a similar conclusion as to congressional enactments.

The "original package" doctrine, urged upon us by petitioner, concerns only the question whether the property is or is not an import. The doctrine is immaterial in this case, because the tax is valid even if the property retains its character as an import.

The decision of the Board of Tax Appeals is affirmed.