**DISTRICT OF COLUMBIA, Appellant,**

v.

**SAMUEL MEISEL & COMPANY, INC.,**
**Appellee.**

**No. 7663.**

District of Columbia Court of Appeals.

Argued Jan. 24, 1974.

Decided March 20, 1974.

Richard L. Aguglia, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, Washington D. C., were on the brief, for appellant.

George W. Liebman, Baltimore, with whom Carmen L. Gentile, Washington, D. C., was on the brief, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

The subject of controversy on this appeal is the personal property tax liability,[1] if any, of an importer of alcoholic beverages. The facts are not in dispute. Samuel Meisel & Company, Inc. (Meisel) is an importer of alcoholic beverages which it sells only to diplomatic representatives of foreign governments. To this end Meisel maintains on its premises in the District of Columbia (the District) a bonded warehouse where such beverages are stored pending sale.[2]

Sometime in April 1972, the District assessed against Meisel's inventory in the bonded warehouse a personal property tax in the amount of $2,251.73. Meisel paid the tax under protest and requested a refund which was denied. Meisel then complained against the District in the Tax Division of the Superior Court alleging that the tax had been erroneously assessed and collected. Finding that the alcoholic beverages involved had been imported for the sole purpose of sale to foreign embassies, and that at the time of the tax assessment such beverages were stored in a bonded warehouse under the supervision and control of a deputy collector of customs, the Tax Division held on the authority of District of Columbia v. International Distributing Corp., 118 U.S.App.D.C. 71, 331 F.2d 817 (1964), that the personal property tax was wrongfully imposed. The court then ordered a refund of the amount collected, together with interest from the date of payment. This appeal by the District followed.

Substantially the same question here involved was presented and disposed of in District of Columbia v. International Distributing Corp., *supra*, almost a decade ago. In that case the District sought to impose upon the proprietor of alcoholic beverages stored in a bonded warehouse a tax upon the sale of such beverages to a foreign embassy. Holding that the tax was wrongfully imposed, quoting from the Tax Court it was said:

"The idea of bonded warehouses and their use by the United States custom authorities negatives the proposition that at the time of sale the alcoholic beverages were in the possession of the petitioner [the corporation]. True it is that the private bonded warehouse was physically in the District of Columbia; and the liquors were stored therein; and in that sense they were in the District. In law, however, they were still without that jurisdiction, and did not become subject thereto until they had been withdrawn from the private bonded warehouse and removed from the control of the customs official. In the opinion of the Court the alcoholic beverages sold to the embassies and legations were brought into the District of Columbia by the purchasing embassies and legations." [*Id.* at 73–74, 331 F.2d at 819.]

Here, as in that case, it was undisputed that the alcoholic beverages involved were imported for the sole purpose of duty free sales to foreign embassies and that pending such sales the beverages were— as required by law—stored in a bonded warehouse under the supervision and control of a customs official. See 19 U.S.C. § 1555 (1970). See also 26 U.S.C. § 5066(b) and (d) (1970), and its legislative history: S.Rep. No. 91–1468 (to accompany H.R. 10517), 91st Cong., 2nd Sess. (1970), U.S. Code Cong. & Admin. News 1970, p. 5947.

The District, however, questions the authority of the *International Distributing Corp.* case and no doubt would have us follow instead Mercury Press, Inc. v. District of Columbia, 84 U.S.App.D.C. 203, 173 F. 2d 636 (1948), cert. denied, 337 U.S. 931, 69 S.Ct. 1495, 93 L.Ed. 1738 (1949). That

---

1. D.C.Code 1973, § 47–1201.

2. Prior to withdrawal from the bonded warehouse, the alcoholic beverages are in charge of and subject to the supervision and control of customs officials. 19 U.S.C. § 1555 (1970); District of Columbia v. International Distributing Corp., 118 U.S.App.D.C. 71, 331 F.2d 817 (1964).

case, however, is distinguishable on its facts. The personal property there involved, though imported and stored in original packages in a private warehouse, was never segregated from the mass of taxable personal property in the District, as were the alcoholic beverages involved in the *International Distributing Corp.* case and in the case at bar. It must follow therefore that if the *International Distributing Corp.* case is controlling, and we hold that it is, we are required to follow it. *See* M.A.P. v. Ryan, D.C.App., 285 A.2d 310, 312 (1971).

Moreover, as appears almost too clear for further discussion, if the taxing authority of the District does not extend to sales of imported alcoholic beverages to foreign embassies, it certainly does not extend to storage of such beverages in a bonded warehouse prior to sale. *See and*

*compare* Epstein v. Lordi, 261 F.Supp. 921 (D.N.J.1966), aff'd 389 U.S. 29, 88 S.Ct. 106, 19 L.Ed.2d 29 (1967); Hostetter v. Idlewild Liquor Corp., 377 U.S. 324, 84 S. Ct. 1293, 12 L.Ed.2d 350 (1964); Department of Revenue v. James Beam Co., 377 U.S. 341, 84 S.Ct. 1247, 12 L.Ed.2d 362 (1964); McGoldrick v. Gulf Oil Corp., 309 U.S. 414, 60 S.Ct. 664, 84 L.Ed. 840 (1940); National Distillers Products Corp. v. City and County of San Francisco, 141 Cal.App.2d 651, 297 P.2d 61 (1956), cert. denied, 352 U.S. 928, 77 S.Ct. 227, 1 L.Ed. 2d 163 (1956).

We have examined Fatemi v. United States, D.C.App., 192 A.2d 525, 528 (1963),[3] and the other cases relied upon by the District and find them to be without controlling application.

Affirmed.

---

3. Affirmed by judgment of the United States Court of Appeals for the District of Columbia Circuit (No. 18,043, Mar. 24, 1964), cert. denied, 377 U.S. 997, 84 S.Ct. 1916, 12 L.Ed. 2d 1048 (1964).