# BEITZELL *v.* DISTRICT OF COLUMBIA.

LICENSE TAXES; BREWERS' AGENTS; CONSTITUTIONAL LAW; INTERSTATE COMMERCE.

1. One who solicits orders for a New York brewery from persons resident in this District, to be filled and supplied to such resident persons directly from the brewery, is not a brewer's agent within the meaning of the act of Congress of July 1, 1902, sec. 7, par. 36, requiring brewers and brewers' agents to pay a license tax of $250 per annum.
2. In construing an act of Congress imposing a license tax upon agents doing business in this District, and in considering the power of Congress to regulate commerce as between the District and the States it is unnecessary to decide whether the District is to be treated as a State within the meaning of the Constitution; but it will be presumed in the absence of an express declaration to that effect that Congress did not intend to disregard the principle of commercial intercourse as embodied in the Constitution, prohibiting a State from imposing a license tax upon agents of nonresident owners for the privilege of soliciting local orders for property to be shipped to residents.

3. The provision of the act of Congress of July 1, 1902, sec. 7, par. 36, imposing a license tax upon brewers' agents and others, was not intended to regulate the commercial intercourse between this District and the States, nor to affect the agencies employed in such commerce, but was intended as a regulation of purely municipal character; and it is to be presumed if it had been the intention of Congress to make the provision apply to soliciting agents for nonresident owners of goods, that intention would have been expressly declared.

No. 1252. Submitted November 5, 1902. Decided January 20, 1903.

In ERROR in the police court of the District of Columbia.              .              *Judgment reversed.*

The COURT in the opinion stated the case as follows:

In this case a writ of error was allowed and directed to the police court of this District, to bring up for review the judgment of that court rendered against the defendant therein, Albert E. Beitzell, upon an information charging him with the violation of the 36th paragraph of section 7 of the act of Congress of July 1, 1902, entitled "An act making appropriations to provide for the expenses of the government of the District of Columbia for the fiscal year ending June 30, 1903, and for other purposes."

The information charges that the defendant on the 1st day of July, 1902, and on divers other days and times between the first mentioned day and the 15th day of September, 1902, in the city of Washington, in the District of Columbia, did engage in the business of a brewer's agent, to wit: the business of acting as agent for the Evans Ale Brewing Company, without first having obtained a license so to do and paying the license tax therefor, before engaging in said business, contrary to the act of Congress, etc.

The plea of not guilty was entered, and the case was tried before the judge upon an agreed statement of facts.  As will be observed, the information does not allege that the Evans Ale Brewing Company was a business company lo-

cated and doing business in the State of New York; but such is shown to be the case by the agreed statement of facts.

By the agreed statement of facts, it is shown that Beitzell, the defendant, "·was the local agent of C. H. Evans & Sons, brewers, whose brewery and offices are located at Hudson, Columbia County, New York, and who were licensed to do business in the State of New York. The Evans Company has no store, salesroom, warehouse, storage plant, or other place for selling their goods in the District of Columbia, and in fact keeps no goods whatever in stock in the District of Columbia. Beitzell has continued to be their agent since the passage of the act of Congress of July 1, 1902, but has never taken out a license as a brewer's agent under the provisions of that act.

" The way in which Beitzell transacts the business of Evans & Sons is as follows: He calls upon the local liquor dealers, saloon men, etc., and solicits orders for Evans' ales and porters. These orders when secured, he either forwards directly to the brewery in Hudson, New York, or else the orders are forwarded by the purchaser on cards furnished by the brewery and obtained from Beitzell by the purchaser. These orders are filled at the brewery in Hudson, New York, and the goods are billed directly from the brewery to the purchaser, in his name, and in a separate original package, and are delivered directly to the purchaser by the railroad company on their receipt in the District of Columbia. There is no breaking of bulk on the arrival of the goods in the District of Columbia, and the goods never come into the hands of Beitzell, and are never under his control.

" Sometimes Beitzell collects for the goods from the purchaser, while in other instances the purchaser remits directly to the brewery in Hudson, New York; this depending upon the option of the purchaser. Beitzell is paid for his services by a commission on the amount of the orders received and filled by the brewery. Beitzell has no place of business in the District of Columbia for the sale or storage of the goods of Evans & Sons, or any other brewing company.

Evans & Sons are the only brewers represented by Beitzell in the District of Columbia."

Upon the reading of this agreed statement of facts in evidence, there being no other evidence offered, the defendant moved the court to rule that, as matter of law, the defendant was not guilty, because the act of Congress, under which the defendant was charged in the information, did not and could not apply to such a state of facts as was therein set forth, without violating the Constitution of the United States, and therefore the defendant should be adjudged not guilty. But the court overruled the motion, and found the defendant guilty; and thereupon imposed a fine of five dollars upon him, and in default of payment thereof sentenced him to imprisonment for the term of fifteen days.    It was to the refusal of the court to rule that the defendant, upon the agreed state of facts, was not guilty, that he took an exception, and obtained a writ of error to have the ruling reviewed by this court.

*Mr. Victor H. Wallace* for the plaintiff in error:

1. There is nothing in the act of Congress of July 1, 1902, which implies that a license fee shall be paid by the soliciting agent of a foreign brewer, who conducts his business according to the methods followed by the plaintiff in error.

Paragraphs 7 and 36 of the act would be given full effect if their operation was restricted to the agents of local brewers, or the agents of foreign brewers who do business in the District of Columbia in such a way as to render themselves practically local dealers; as, by selling from local salesrooms, or warehouses, or out of cold storage, or the like. This would render the act entirely constitutional, and is believed to be its true construction.

2. By the Constitution, Art. 1, Sec. 8, Congress has power to regulate commerce among the several States.    Under this section of the Constitution a license tax of the character provided for in paragraph 36 of the act of Congress of July

1, 1902, is held to be a regulation of interstate commerce (*Moran* v. *New Orleans,* 112 U. S. 69, 71) ; and such a license tax is equally a regulation of interstate commerce when levied in the District of Columbia (*Stoutenburg* v. *Hennick,* 129 U. S. 141, 147) ; for the District of Columbia is, in a qualified sense, a State (*Met. RR. Co.* v. *The District of Columbia,* 132 U. S. 1, 9) ; and Congress in legislating for the District of Columbia acts as a national legislature (*Loughborough* v. *Blake,* 5 Wheat. 318 ; *Cohens* v. *Virginia,* 6 Wheat. 264, 424, 429) ; and is bound by the provisions of the Constitution (*Capital Traction Co.* v. *Hof,* 174 U. S. 1, 5 ; *Callan* v. *Wilson,* 127 U. S. 540, 550). There is no doubt that under the Constitution, all regulations of interstate commerce, national in their character, must be uniform throughout the United States (*Kidd* v. *Pearson,* 128 U. S. 1, 21 ; *Philadelphia Steamship Co.* v. *Pennsylvania,* 122 U. S. 326 ; *W. U. Telegraph Co.* v. *Pendleton,* 122 U. S. 347, 358 ; *Robbins* v. *Shelby County Taxing Dist.,* 120 U. S. 489, 492 ; *Railroad Commission Cases,* 116 U. S. 307 ; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196, 204 ; *Brown* v. *Houston,* 114 U. S. 622, 630 ; *Cardwell* v. *The Bridge Co.,* 113 U. S. 205 ; *Escanaba Co.* v. *Chicago,* 107 U. S. 678, 687 ; *County of Mobile* v. *Kimball,* 102 U. S. 691, 697 ; *Hall* v. *De Cuir,* 95 U. S. 485, 489 ; *Henderson* v. *The Mayor,* 92 U. S. 272, 273, 274 ; *Welton* v. *Missouri,* 91 U. S. 275, 280 ; *Railroad Co.* v. *Richmond,* 19 Wall. 584, 589 ; *Railroad Co.* v. *Fuller,* 17 Wall. 560 ; *Ex parte McNiel,* 13 Wall. 236 ; *Crandall* v. *Nevada,* 6 Wall. 35, 42 ; *Cooley* v. *The Board of Wardens,* 12 How. 299, 319) ; and Congress can make no discriminations in regulating commerce (Const., Art. 1, Sec. 8, Clause 6 ; *Ward* v. *Maryland,* 12 Wall. 418, 431). From the above it follows that the thirty-sixth paragraph of the act of July 1, 1902, is unconstitutional as applied to the plaintiff in error, because by it Congress has attempted to regulate a matter of national concern in a law passed for, and limited in its operation to, the District of Columbia, and consequently not uniform in its application to the whole United States.

3. It is admitted by the agreed statement of facts contained in the bill of exceptions, that Evans & Sons are brewers, licensed by the State of New York. They pay to that State whatever license tax is required by its law. A soliciting agent of a brewer operating his brewery in the District of Columbia under a license obtained from the District of Columbia, does not have to pay the additional agent's license fee; but a brewer operating in one of the States, under a license obtained from that State, must have an additional license for his soliciting agent in the District of Columbia. In other words, the business of a brewer in the States is taxed twice, once for his license in the State and once for his agent's license in the District of Columbia, while the brewer in the District of Columbia is only taxed once for his own license. That this is an unconstitutional discrimination is clearly pointed out in the case of *Robbins* v. *Shelby Taxing District,* 120 U. S. 489, at page 498. See also *Walling* v. *Michigan,* 116 U. S. 446; *Webber* v. *Virginia,* 103 U. S. 344, 349; *Tiernan* v. *Rinker,* 102 U. S. 123, 127; *Guy* v. *Baltimore,* 100 U. S. 439, 440, 443; *Welton* v. *Missouri,* 91 U. S. 275; *Ward* v. *Maryland,* 12 Wall. 418, 426; *Hinson* v. *Lott,* 8 Wall. 148.

4. The tax provided for by the thirty-sixth paragraph of the act of July 1, 1902, is an excise tax. Miller on Const. 237, 238. It is also a tax upon interstate commerce, and consequently a tax levied under the general powers of Congress. *McCall* v. *California,* 136 U. S. 104; *Stoutenburgh* v. *Hennick,* 129 U. S. 141, 147; *Asher* v. *Texas,* 128 U. S. 129; *Leloup* v. *The Port of Mobile,* 127 U. S. 640; *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489; *Moran* v. *New Orleans,* 112 U. S. 69. All excises levied under the general powers of Congress must " be uniform throughout the United States." Const., Art. 1, Sec. 8, Clause 1; Miller on Const. 240; Story on Const., Vol. 1, Sec. 957; Hare on Am. Const., Vol. 1, p. 295; Cooley on Taxation, 47, 48; *Head Money Cases,* 112 U. S. 580, 594; *Ward* v. *Maryland,* 12 Wall. 418, 427; *Veazie Bank* v. *Fenno,* 8 Wall. 533, 541; *License Tax Cases,* 5 Wall. 462,

471.   C. H. Evans & Sons may do business anywhere in the United States they please free from this tax, except in the District of Columbia; in this one isolated locality their "interstate commerce" is subjected to an "excise tax" levied by Congress, under its general powers of taxation. Clearly such an excise is not "uniform throughout the United States," and is consequently unconstitutional.

5. In reality the license tax, for the nonpayment of which the plaintiff in error was arrested and fined, is not a tax upon him at all, but is a tax upon the business of C. H. Evans & Sons in the State of New York, which he represents. For no matter who pays the money individually, the amount of the license fee must be paid before C. H. Evans & Sons can solicit business in the District of Columbia, and this license fee is consequently a penalty and tax imposed upon their right to do business in the District of Columbia. *Brown* v. *Maryland,* 12 Wheat. 419, 444. This, as well as the cases above cited, show the tax to be one on commerce, and one which can only be levied under the general powers of taxation possessed by Congress. But Congress, by Article 1, Section 8, Clause 1, of the Constitution, under its general powers of taxation, can only lay excises "to pay the debts and provide for the common defence and general welfare of the United States." Miller on Const. 229, 230 and note; Hare on Am. Const., Vol. 1, p. 241; *Ward* v. *Maryland,* 12 Wall. 418, 427, 428. Now the tax in question was levied not to provide for the debts, common defense and welfare of the United States, but under "An act making appropriations to provide for the expenses of the government of the District of Columbia." 32 Stats. at L. 590. If the other reasons which have been urged did not exist, this alone would be sufficient to render the application of the act to the plaintiff in error unconstitutional.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the District of Columbia:

1. The premises assumed by counsel for appellant, that the business mentioned is not within the letter of the stat-

ute under the second proviso of paragraph 36, is erroneous. This proviso plainly means that if a brewer is licensed in the District of Columbia, his solicitor shall not be liable for the license tax; otherwise the opening paragraph of section 7, inhibiting brewers from engaging in business without a license, is meaningless.    There is nothing, however, to show in the record that the license tax imposed upon the defendant is paid or will be paid by the brewers mentioned.    We are not seeking to collect a license tax from Evans & Co. It does not appear from the record that Evans & Co. pay any of the expenses of the defendant's business.    We concede, of course, that if this license act is inoperative as to the defendant for any reasons urged by his counsel, full effect to paragraph 36 may be given by restricting its operation to the agents of local brewers, or to the agents of foreign brewers who do business in the District of Columbia in such a way as to render themselves local dealers.    But such construction in this case depends solely upon the question whether Congress had the power, as the legislature of the District of Columbia, to impose the tax on the defendant in this particular case.

3. Under section 8 of article 1 of the Constitution of the United States, the defendant is required to take out a license as a brewer's agent.    (*a*) The license tax in question is not a duty, an impost, or an excise, and is not, therefore, within that provision requiring uniformity throughout the United States.    Congress has power to impose occupation taxes. *License Tax Cases,* 5 Wall. 462.    (*b*) The tax imposed in this case is in the nature of a regulation, inasmuch as an application is required to be made to the assessor containing certain information: that the license issued is assignable and transferable; that the place of business is required to be stated when the licensee has such place of business, and he is required to exhibit his license when he has no place of business, on demand made by the proper official.    In addition to that, he is prohibited from engaging in the business unless he complies with the condition precedent that he obtain the license.    See 21 Am. & Eng. Encyc. of Law (2d ed.),

773, 774. The interstate commerce clause, so-called, "to regulate commerce with foreign nations, and among the several States, and with the Indian tribes," has no application. Commerce between the State of New York and the District of Columbia is not commerce among the several States, nor with a foreign nation, nor with the Indian tribes. The District of Columbia, in the sense in which the word "State" is used in the interstate commerce clause of the Constitution, is not embraced within the term "State." The latest utterance of the Supreme Court plainly indicates that such provisions of the Constitution which apply to the States do not embrace the District of Columbia. In distinguishing the case of *Norwood* v. *Baker,* Judge Shiras, in delivering the opinion in *Wight* v. *Davidson,* 181 U. S. 384, said: "It will therefore be perceived that there the court below and this court are dealing with a question arising under the 14th amendment of the Constitution of the United States, *which, in terms, operates only to control action of the States, and does not purport to extend to authority exercised by the Government of the United States."* In the present case is involved the constitutionality of an act of Congress regulating assessments on property in the District of Columbia, and in respect to which the jurisdiction of Congress, in matters municipal as well as political, is exclusive and not controlled by the provisions of the 14th amendment. The court then proceeded to hold that the exercise of such legislative power affecting the District of Columbia is subject to the provisions of the 5th amendment to the Constitution and not to the provisions of the 14th amendment which controls State legislation. *Wight* v. *Davidson,* 181 U. S. 384. The District of Columbia is not a State, in the meaning of the Constitution. *Hepburn* v. *Ellzey,* 2 Cranch, 445; *New Orleans* v. *Winter,* 1 Wheat. 91; *Scott* v. *Jones,* 5 How. 377; *Barney* v. *Baltimore,* 8 Wall. 287; *Baltimore, etc., R.R. Co.* v. *Harris,* 12 Wall. 86. (c) Neither does the fact that Evans & Co. pay a brewer's license in New York militate against the execution of the license law in this case. It does not appear that the license tax exacted of this defendant is

to be paid at all by these nonresident brewers.  *The License Tax Cases,* 5 Wall. 462, decided that double taxation was not invalid.   In addition to this, the license law provides, as has been noted, that if the brewer pays a tax his solicitor shall not be required to take out a license.   The contention of the appellant significantly omits any reference to the power of Congress " to exercise exclusive legislation in all cases whatsoever, over such district (not exceeding ten miles square) as may, by cession of particular States, and the acceptance of Congress become the seat of the Government of the United States."   We contend:

(*d*) That Congress, as the local legislature, under the above provision of the Constitution, had the power to pass this license law.   In the case of *Stoutenburgh* v. *Hennick,* 129 U. S. 141, the Supreme Court held that the legislative assembly of this District had no power to pass a license tax law which would prohibit a nonresident drummer from soliciting business in the District of Columbia.   It was there held that Congress would not be authorized to delegate such legislation to this local municipal legislature, but the court distinctly declined to say that Congress was without power to pass a law of the character in question solely for the District of Columbia.   *Stoutenburgh* v. *Hennick,* 129 U. S. 141.   The above-cited case therefore makes the case of *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489, and kindred cases, inapplicable to the present situation. See *Lasley* v. *The District of Columbia,* 14 App. D. C. 411.

Mr. Chief Justice A LVEY delivered the opinion of the Court:

The question in the case depends upon the construction of that portion of the act of Congress of July 1, 1902, which relates to licenses in the District of Columbia.

The act, by its seventh section, provides a general license system for the District of Columbia, applicable to all business, trades, professions, or callings, exercised and carried on

in the District of Columbia.   And by the first clause or
paragraph of section 7, it is declared " That no person shall
engage in or carry on any business, trade, profession or call-
ing, in the District of Columbia, for which a license tax is
imposed by the terms of this section, without having first
obtained a license so to do."   And by paragraph 36 of that
section, it is provided " That brewers or manufacturers of
fermented liquors of any description for sale, and brewers'
agents, shall pay a license tax of two hundred and fifty dol-
lars per annum:   *Provided,* that agent's license under this
paragraph shall only authorize the licensee to conduct his
business with the goods of the brewer represented by such
agent: *And provided further,* That a licensed brewer's so-
licitor, whose business is *confined to soliciting orders for his
principal,* shall not be liable for the license tax provided for
in this paragraph."

That Congress has express power, given by the Constitu-
tion, " to exercise exclusive legislation in all cases whatso-
ever," over the District of Columbia, thus combining the
powers of the general and of a State government in all cases
where legislation is proper, admits of no question.   But
whether Congress intended by the provision of the act of
July 1, 1902, just quoted, to authorize the municipal au-
thorities of the District of Columbia to tax agents repre-
senting the owners of property and business *outside* of the
District, for the privilege of *soliciting orders* within it, as
agents of such owners, for property to be shipped to persons
within the District, is a question of very great doubt.   This,
it would seem, is the nature of the business agency of the de-
fendant in this case.   He is a mere solicitor of orders for
goods manufactured and supplied by parties outside of the
District to persons within the District.   It is true, the terms
of the particular provision of the act in question are general,
and might, possibly, be susceptible of the broad construction
contended for in support of the prosecution in this case were
such construction consistent with settled principles of inter-
state commercial regulation.   Doubtless the Congress that
passed the act in question was aware of the decisions of the

Supreme Court of the United States made in the cases of *Robbins* v. *Shelby Taxing District,* 120 U. S. 489, *Stoutenburgh* v. *Hennick,* 129 U. S. 141, and the very recent case of *Stockard* v. *Morgan,* 185 U. S. 27; and to declare that it was the intention of Congress, by the provisions of the act under consideration, that it should be lawful for the authorities of this District to impose a license tax upon soliciting agents of nonresident merchants of orders from persons resident in the District, to be filled and supplied to such resident persons, would be in utter disregard of the principle decided by those and many other cases. It is unnecessary to hold in this case that this District can be rightfully treated as a State within the meaning of the Constitution, in considering the question of the power of Congress to regulate commerce as between this District and the several States of the Union. But in considering the effect of the act in question, it is not fair to presume, in the absence of an express declaration to that effect, that Congress intended to disregard the settled principle of commercial intercourse of the country, which, as embodied in the Constitution of the country, prohibits a State from imposing a license tax upon persons representing owners of property outside of the State, for the privilege of soliciting orders within it, as agents of such owners, for property to be shipped to persons within the State. *Stockard* v. *Morgan, supra.* That principle, we think, was not intended to be violated by the provision of the statute here involved.

The act in question was not intended to regulate, in any sense, the commercial intercourse between the District of Columbia and the States of the Union; nor was it intended to affect in any manner the agencies employed in such commerce. It is purely a local act, and intended to have local operation only. In other words, the particular provision of the statute in question was intended as a regulation of a purely municipal character, and that is made clear, as was said in *Stoutenburgh* v. *Hennick,* upon the principle of *noscitur a sociis,* if the clause be taken as it should be, in connection with the other clauses and parts of the act re-

lating to licenses. At any rate, it would seem to be reasonable to presume that if it had been the intention of Congress to make the provision of the act apply to soliciting agents for the owners of goods beyond the District, that intention would have been expressly declared, and not left to doubtful construction.

It is our conclusion, therefore, that the provision of the act of Congress, under which this prosecution was founded, does not apply to the case of the defendant, under the agreed state of facts, and that the court below should have so ruled upon the motion of the defendant and entered judgment of acquittal. We must, therefore, reverse the judgment, and remand the cause to the court below that judgment may be entered for the defendant.

Judgment reversed, and cause remanded for judgment in accordance with the foregoing opinion.          *Reversed.*