## GENERAL ELECTRIC CO. v. DISTRICT OF COLUMBIA.

### No. 7319.

United States Court of Appeals for the District of Columbia.

Decided Jan. 15, 1940.

John Walsh, of Washington, D. C., for appellant.

Elwood H. Seal, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Glenn Simmon, Asst. Corp. Counsel, all of Washington, D.C., for appellee.

Before GRONER, Chief Justice, and STEPHENS, MILLER, EDGERTON, and VINSON, Associate Justices.

MILLER, Associate Justice.

The statute[1] in controversy in this case is the same as that involved in No. 7213, Neild and Sauerhoff v. District of Columbia,[2] decided this day. In the present case the Board of Tax Appeals for the District of Columbia made the following findings of fact, as to which there is no dispute or controversy:

"The petitioner [appellant] is a New York corporation with its principal office at Schenectady, New York. It is engaged in the manufacture and sale of electrical apparatus and supplies. During the calendar year 1936 it sold merchandise to its customers in the District of Columbia, exclusive of the federal government, in the amount of $677,107.99.

"The petitioner during the calendar year 1936 owned a stock of merchandise in the District which it kept stored with certain of its customers. Sales from such storage to customers in the District during that year amounted to $370,505.83. The balance of the total gross receipts, namely, the sum of $305,602.16, represented sales during that year to customers in the District of merchandise shipped from factories or points without the District to customers in the District by common carriers in interstate commerce.

"On October 14, 1937, the petitioner filed its return of gross receipts with the Assessor, showing "Gross sales from merchandise, less sales returned" in the amount of $370,505.83 for the calendar year 1936. At the same time the petitioner paid $470.-32, being one half of a self-assessed tax. Thereafter, upon being notified that such return was not sufficient, and at the direction of the Assessor, the petitioner filed an amended return showing gross receipts in the amount of $676,107.99 for the calendar year 1936. Thereupon the Assessor assessed against the petitioner a tax equal to two-fifths of one per centum of the gross receipts shown on the amended

[1] Act of August 17, 1937, 50 Stat. 673, 688.

[2] —— App.D.C. ——, 110 F.2d 246.

return, less a $2,000 exemption, or a tax of $2,696.43, less a credit for tangible personal property tax paid in the sum of $533.38, leaving a net tax of $2163.05. On March 31, 1938, the petitioner paid such net tax, less $470.32 previously paid, under protest."

At the conclusion of the hearing, appellee—respondent below—moved to dismiss the proceeding on the ground that the tax here involved was paid voluntarily, hence that the Board was without jurisdiction to entertain the appeal.[3] The Board granted the motion, and thereupon entered judgment for appellee.

The question mainly argued in the briefs is the same as that which was presented to the Board by the motion to dismiss. However, in view of our consideration in the Neild case of all the other contentions here made, and our determination that the imposition of the tax constituted a valid exercise of legislative power, it is not necessary to decide the preliminary question of appellant's right to sue for recovery of the money paid.

Affirmed.

STEPHENS, Associate Justice, concurs in the result.

---

[3] Act of May 16, 1938, 52 Stat. 356, 374, D.C.Code (Supp. V) tit. 20, § 977.