## GENERAL ELECTRIC SUPPLY CORPORATION v. DISTRICT OF COLUMBIA.

### No. 7320.

United States Court of Appeals for the District of Columbia.

Decided Jan. 15, 1940.

John Walsh, of Washington, D. C., for appellant.

Elwood H. Seal, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Glenn Simmon, Asst. Corp. Counsel, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS, MILLER, EDGERTON, and VINSON, Associate Justices.

MILLER, Associate Justice.

The statute[1] in controversy in this case is the same as that involved in No. 7213, Neild and Sauerhoff v. District of Columbia,[2] decided this day. In the present case the Board of Tax Appeals for the District of Columbia made the following findings of fact—among others—as to which there is no dispute or controversy:

"The petitioner [appellant] is a Delaware corporation with its principal office in Bridgeport, Connecticut. It is engaged in the wholesale selling of electrical apparatus and supplies throughout the United States and in foreign countries. It maintains an office, store and warehouse for such business in the District of Columbia, known as the "Washington Branch" of the petitioner. The Washington Branch, as a sales district includes not only the District of Columbia, but also five counties in Maryland, fifteen counties in Virginia and one county in West Virginia.

"The petitioner commenced business in the District of Columbia on February 1, 1937. Between that date and August 17, 1937 (date of approval [of Title] VI, D.C. Revenue Act of 1937) it sold merchandise through its Washington Branch, as follows:

\*   \*   \*   \*   \*

"Total Gross Receipts .....$1,023,825.10.

"On October 13, 1937, the petitioner filed its return showing gross receipts from business from February 1, 1937 to August 17,

---

[3] Act of May 16, 1938, 52 Stat. 356, 374, D.C.Code (Supp. V) tit. 20, § 977.

[1] Act of August 17, 1937, 50 Stat. 673, 688.

[2] — App.D.C. —. 110 F.2d 246.

1937, in the amount of $718,952. On December 3, 1937, the petitioner was notified that the return was insufficient, and thereafter the Assessor ruled the amount of petitioner's gross receipts for that period was $1,023,825.10. In order to place the petitioner on a yearly basis for the purpose of computation of the tax, as required by Section 5 of Title VI of the Act, *the Assessor increased the amount of gross receipts to the sum of $1,887,354.35, and assessed the petitioner a tax equal to two-fifths of one per centum of such adjusted gross receipts, less an exemption of $2,000, or a tax in the amount of $7,759.01,* against which the petitioner received a credit of $2,861.08 representing a tangible tax paid by the petitioner, leaving the net tax due $4860.34. One-half of such net tax, together with a penalty of $70.21, was paid under protest on March 3, 1938; and the other half of the net tax was paid under protest on March 31, 1938.

"Thereafter it was discovered by [sic] that in computing the adjusted gross receipts on a yearly basis the amount of $29,509.24, representing "sales for service and parts" in the District, was omitted from the calculation. *The Assessor thereupon correctly re-computed the adjusted gross receipts on a yearly basis to be $1,941,752.53, and assessed an additional tax of $217.59.* Such additional tax was paid by the petitioner under protest in writing on May 17, 1938." [Italics supplied]

In this case, as in No. 7319, General Electric Company v. District of Columbia, decided this day,[3] the question is raised whether part of the tax here involved was paid involuntarily and, hence, whether appellant can challenge the action of the District authorities in collecting it.[4] And that question in this case, as in No. 7319, need not be answered in view of our decision in Neild and Sauerhoff v. District of Columbia, supra.

However, one additional question, not involved in the Neild case, is presented on this appeal, based upon the facts that (1) appellant was engaged in business in the District for less than one year prior to the approval of the Act; and (2) the Assessor, pursuant to the provisions of Section 5 thereof,[5] imposed a tax which was measured by appellant's gross receipts for the period during which it was so engaged, multiplied by a fraction, the numerator of which was 365 and the denominator of which was the number of days during which it was so engaged. Appellant contends that the tax so measured and so imposed was arbitrary, discriminatory and unequal. It does not challenge the statute on the ground of retroactivity,[6] but challenges the tax because, it argues, the calculation thereof was based upon "an amount that constituted some $900,000 more than the actual gross receipts received by the petitioner during the year immediately prior to the enactment." It argues further: "Persons who engaged in business for less than a year prior to August 17, 1937, should not be treated less favorably than those who were engaged during a whole year prior thereto."

It is apparent that appellant's argument proceeds upon the theory that the tax is upon actual gross receipts for the preceding year. Upon no other theory is it even plausible. To the contrary, however, the tax is upon the privilege of engaging in business during the year succeeding the enactment of the statute. It is a reasonable assumption that gross receipts for a full preceding year will provide an approximately accurate measure of the business which will be conducted by the taxpayer during the year of the exercise of the privilege; while gross receipts for one month, or five months, or seven months, without more, will not. When, however, gross receipts for such a fraction of a year are subjected to the formula prescribed by the statute, they, too, can be expected to provide a reasonably accurate measure. Far from discriminating against appellant, therefore, the measure provided by the statute and applied by the Assessor in the present case, removes discrimination, so far as is possible, and puts appellant on an equal footing with other taxpayers.

Affirmed.

STEPHENS, Associate Justice, concurs in the result.

[3] — App.D.C. —, 110 F.2d 261.

[4] Act of May 16, 1938, 52 Stat. 356, 374, D.C.Code (Supp. V) tit. 20, § 977.

[5] 50 Stat. 673, 690.

[6] In its brief, appellant asserts that the statute is retroactive, but states that the tax probably would be sustained against an argument based on that ground. See Neild and Sauerhoff v. District of Columbia, — App.D.C. —, 110 F.2d 246, decided this day.