**PANITZ et al. v. DISTRICT OF COLUMBIA.**

**No. 7722.**

United States Court of Appeals for the District of Columbia.

Decided July 21, 1941.

Fred W. Weitzel, of Washington, D. C., and Morris Rosenberg, of Baltimore, Md., for petitioners.

Richmond B. Keech, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, and Glenn Simmon, Asst. Corp. Counsel, all of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

This case is before the court for a second time on appeal from the Board of Tax Appeals for the District of Columbia.[1] The

---

[1] 1940, 72 App.D.C. 131, 112 F.2d 39. On the first review of this case the decision of the Board of Tax Appeals, dismissing the proceeding for want of jurisdiction, was reversed and remanded to the Board to hear the case on its merits.

sole issue is whether the gross receipts received by the petitioners, comprising a nonresident partnership, from sales to customers in the District are taxable under the District of Columbia Revenue Act of 1937[2] without apportioning a part of the receipts to business activities carried on outside the District. The Board on authority of previous decisions by this court involving this Act held that no apportionment was necessary.[3]

The petitioners, copartners, are engaged in the manufacture and wholesale of men's clothing with their place of business in Baltimore, Maryland, and have no office, place of business, resident representative, telephone or city directory listing in the District of Columbia. Through traveling salesmen, with samples and pictures of styles, orders are solicited in the District and sent to Baltimore for acceptance. Acceptance depends upon the credit standing of the customer and the amount of material on hand to fill the order. Orders are also received in Baltimore from customers by telephone, telegram, mail or personal appearance. Delivery is made by common carrier and payment is made by the mailing of checks by the customer to the office in Baltimore. The petitioners obtained the necessary license, and filed the return required by the Act reporting the amount of sales. The tax assessed against the petitioners was $683.06 plus a penalty of $20.50 or a total of $703.56. The tax was determined by assessing the entire amount received by the petitioners from their customers in the District during the calendar year 1936, amounting to $172,761.79, less the statutory exemption of $2,000.

The petitioners' attack on the tax imposed on them is twofold. First, a proper construction of the Act requires an apportionment of the gross receipts derived from sales to customers within the District between the State of Maryland and the District in some fair proportion to the cost of conducting within each the activities which, taken together, produce the gross receipts. Petitioners say that a fair method of apportionment would be to allocate selling expense to the District, manufacturing cost to Maryland, and one-half the difference between the sum of these items and the amount of the gross receipts to each of them. Second, if the Act is construed as not requiring apportionment the petitioners are denied due process of law by the imposition of a tax on that part of their gross receipts derived from sales made in the District as a result of business activities carried on outside the District.

█ The Act imposes a tax on the privilege of doing business in the District [D.C. Code (Supp. V, 1939) tit. 20, § 970], and the tax is measured upon the gross receipts derived from such business in excess of $2,000. (Sec. 970d) "Business" is defined as "the carrying on or exercising for gain or economic benefit, either direct or indirect, any trade, business * * * or commercial activity * * * whatsoever in the District." [Sec. 970(e)] "Gross receipts" means the gross receipts from any business in the District, "without any deduction therefrom on account of the cost of the property sold, the cost of materials, labor, or services, or other costs * * * or any expense whatsoever." [Sec. 970(f)] The petitioners claim that the only commercial activity carried on by them in the District is the solicitation of orders and for this reason the gross receipts derived from sales in the District must be apportioned so as not to include costs of activities carried on outside the District. But the business carried on by the petitioners in the District is the wholesale of men's clothing to retail stores. The petitioners secured the necessary license required for the privilege of making these sales to customers in the District.[4] Since the business carried on by the

---

2 Business Privilege Tax Act (Title VI, District of Columbia Revenue Act of 1937) 50 Stat. 688 (1937), D.C.Code (Supp. V, 1939) tit. 20, §§ 970 to 970r.

3 Neild v. District of Columbia, 1940, 71 App.D.C. 306, 110 F.2d 246; General Electric Co. v. District of Columbia, 1940, 71 App.D.C. 321, 110 F.2d 261; General Electric Supply Corp. v. District of Columbia, 1940, 71 App.D.C. 322, 110 F.2d 262; Colgate Palmolive Peet Co. v. District of Columbia, 1940, 71 App.D.C. 324, 110 F.2d 264. The Board in Consolidated Expanded Metals Companies v. District of Columbia, 1938, 67 W.L.R. 149, held that apportionment was required to measure the tax on that part of the gross receipts which included commercial activities carried on outside the District. But the Board felt that its decision in the Consolidated Metals case was incorrect in view of the more recent decisions of this court in the cases cited supra.

4 D.C.Code (Supp. V, 1939) tit. 20, § 970a.

petitioners is sales to customers in the District, the tax imposed upon the privilege of making these sales may be measured upon the gross receipts derived from these sales. A proper construction of the Act would include the gross receipts from such sales without any deduction for manufacturing costs or other services which may have been performed outside the District.

In General Electric Co. v. District of Columbia, 1940, 71 App.D.C. 321, 110 F.2d 261, and Colgate Palmolive Peet Co. v. District of Columbia, 1940, 71 App.D.C. 324, 110 F.2d 264, we held the total gross receipts derived from sales made to customers in the District by nonresident business firms were taxable under this Act for the privilege of engaging in business in the District, "even assuming that such a tax constituted a burden on interstate commerce."[5] Petitioners say that the requirement of apportionment was not presented in those cases, but respondents say if apportionment had been considered necessary we could have remanded the cases for further proceedings.[6]

In Neild v. District of Columbia, 1940, 71 App.D.C. 306, 110 F.2d 246, we upheld the constitutionality of the Act against attacks that the tax constituted a direct and unlawful burden on interstate commerce and violated the due process clause of the Fifth Amendment for being retroactive, arbitrary and confiscatory in its operation. Such attacks being no longer available, petitioners now say the Act constitutes a denial of due process of law by the imposition of a tax on commercial activities carried on outside the District. The basis asserted for this view is that there are territorial limitations implicit in the power granted Congress to legislate for the District of Columbia.[7] Because of this, it is said, Congress has no power to impose a tax on the commercial activities carried on by the petitioners outside the District. It is also a part of the petitioners' attack that the scope of the prohibitions imposed by the due process clause of the Fifth Amendment against legislation by Congress for the District is no more restricted than the scope of the prohibitions imposed by the due process clause of the Fourteenth Amendment against state legislation. For the decision of this case, however, it is unnecessary to determine the relative scope of the respective due process clauses.

The tax is measured only by those gross receipts derived from sales to customers within the District. This constitutes a sufficient apportionment of the petitioners' total gross receipts to satisfy the limitations imposed by the due process requirement of the Fifth Amendment.[8] The authorities relied on by the petitioners involved instances in which the tax was measured by the total gross receipts from the entire business of the taxpayer.[9] The fact that the petitioners are nonresidents and carry on unitary commercial activities both within and without the District which go to make up the gross receipts accruing from sales to customers in the District does not prevent the measurement of a tax by such gross receipts.[10] "Jurisdiction to tax" and

5 Neild v. District of Columbia, 1940, 71 App.D.C. 306, 309, 110 F.2d 246, 249.

6 Cf. Adams Mfg. Co. v. Storen, 1938, 304 U.S. 307, 58 S.Ct. 913, 82 L.Ed. 1365, 117 A.L.R. 424; James v. Dravo Contracting Co., 1937, 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318.

7 U.S.Const. Art. I, § 8, Cl. 17 provides that the Congress shall have power "To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States."

8 Ford Motor Co. v. Beauchamp, 1939, 308 U.S. 331, 60 S.Ct. 273, 84 L.Ed. 304; International Shoe Co. v. Shartel, 1929, 279 U.S. 429, 49 S.Ct. 380, 73 L. Ed. 781; New York v. Latrobe, 1929, 279 U.S. 421, 49 S.Ct. 377, 73 L.Ed. 776, 65

A.L.R. 1341; Bass, Ratcliff & Gretton, Ltd., v. State Tax Commission, 1924, 266 U.S. 271, 45 S.Ct. 82, 69 L.Ed. 282; Underwood Typewriter Co. v. Chamberlain, 1920, 254 U.S. 113, 41 S.Ct. 45, 65 L.Ed. 165.

9 Gwin, White & Prince, Inc., v. Henneford, 1939, 305 U.S. 434, 59 S.Ct. 325, 83 L.Ed. 272; Adams Mfg. Co. v. Storen, 1938, 304 U.S. 307, 58 S.Ct. 913, 82 L. Ed. 1365, 117 A.L.R. 429; James v. Dravo Contracting Co., 1937, 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A. L.R. 318.

10 Ford Motor Co. v. Beauchamp, 1939, 308 U.S. 331, 60 S.Ct. 273, 84 L.Ed. 304; Nelson v. Sears, Roebuck & Co., 1941, 312 U.S. 359, 61 S.Ct. 586, 85 L. Ed. 888, 132 A.L.R. 475; McGoldrick v. Berwind-White Coal Mining Co., 1940, 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565,

"territorial limitations" are no longer the sole constitutional tests of a state's power to impose gross receipts taxes.[11] The test now controlling under the due process clause of the Fourteenth Amendment is .whether a tax imposed by a state bears a reasonable fiscal relation to the opportunities given to the nonresident business firms by the taxing jurisdiction.[12] The measure of the tax imposed by this Act upon the gross receipts derived from sales made by the petitioners to their customers in the District suffices as an apportionment to make the taxing power exerted by Congress in legislating for the District bear such a fiscal relation to the protection, opportunities and benefits given by the District to the business of the petitioners carried on in the District. The benefits received by petitioners from the privilege to carry on business in the District involve much more than merely the right to solicit orders here, which they claim is the only business activity for which they can be taxed. The sales to customers in the District add to the volume and profits of petitioners' total business and increase the value of the business activities carried on outside the District.[13] No doubt they also have the right to engage in collection activities here and to use the legal processes and courts of the District for enforcement of liabilities arising from sales to District customers. That the petitioners may not have exercised some of the privileges conferred upon them by the license does not mean that they do not have the benefit of such privileges or may not exercise them at will when occasion requires.

The order of the Board is affirmed.

128 A.L.R. 876; McGoldrick v. Felt & Terrant Mfg. Co., 1940, 309 U.S. 70, 60 S.Ct. 404, 84 L.Ed. 584; Great Atlantic & Pacific Tea Co. v. Grosjean, 1937, 301 U.S. 412, 57 S.Ct. 772, 81 L. Ed. 1193, 112 A.L.R. 293.

[11] Wisconsin v. J. C. Penney Co., 1940, 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229; Nelson v. Sears, Roebuck & Co., 1941, 312 U.S. 359, 61 S.Ct. 586, 85 L.Ed. 888, 132 A.L.R. 475. " 'Taxable event', 'jurisdiction to tax', 'business situs', 'extraterritoriality', are all compendious ways of implying the impotence of state power because state power has nothing on which to operate."

Wisconsin v. J. C. Penney Co., supra 311 U.S. at page 444, 61 S.Ct. at page 250, 85 L.Ed. 267, 130 A.L.R. 1229.

[12] "The test is . . . whether the taxing power exerted by the state bears fiscal relation to protection, opportunities and benefits given by the state." Wisconsin v. J. C. Penney Co., 1940, 311 U.S. 435, 444, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L. R. 1229.

[13] Ford Motor Co. v. Beauchamp, 1939, 308 U.S. 331, 60 S.Ct. 273, 84 L.Ed. 304; Great Atlantic & Pacific Tea Co. v. Grosjean, 1937, 301 U.S. 412, 57 S.Ct. 772, 81 L.Ed. 1193, 112 A.L.R. 293.