## CEDAR HILL CEMETERY CORPORATION
## v. DISTRICT OF COLUMBIA.

### No. 7769.

United States Court of Appeals for the
District of Columbia.

Argued Nov. 3, 1941.

Decided Dec. 8, 1941.

Mr. Joseph T. Sherier, of Washington,
D. C., for petitioner.

Mr. Glenn Simmon, Asst. Corp. Counsel,
of Washington, D. C. with whom Messrs.
Richmond B. Keech, Corp. Counsel, and
Vernon E. West, Principal Asst. Corp.

Counsel, both of Washington, D. C. were on the brief, for respondent.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

The Board of Tax Appeals of the District of Columbia has denied petitioner, Cedar Hill Cemetery Corporation, a refund of taxes, together with interest and penalties, paid for the privilege of doing business in the District during the fiscal years ending on June 30 in 1938 and 1939. The statutory measure of the tax is a percentage of the taxpayer's gross receipts.[1] Petitioner contended that it was not subject to the tax, and paid under protest.

██ Petitioner, a Maryland corporation, operated a cemetery, in which it sold lots and mausoleum space, near the District line in Maryland. It maintained a building in the District which served as an office for a sales manager, a bookkeeper, a cashier, two clerks, and some 25 salesmen or solicitors. The salesmen's records and contracts were kept at this office. Payments of money to petitioner, and its mail, were received there. It kept checking accounts in banks in the District. It advertised in the Washington telephone directory: "Cedar Hill— Washington's Most Beautiful Cemetery— Cemetery at end of Pennsylvania Avenue, Southeast, Lincoln 4360—8000, Sales Office, 1557 Pennsylvania Avenue, Southeast, Lincoln 9464." "Control records" were kept at its cemetery office in Maryland. To prevent duplication of sales, offers obtained by salesmen in the District were sent to the Maryland office for acceptance. About 95 per cent of all contracts were signed in Maryland, but the great majority of the buyers were residents of the District. All meetings of stockholders and directors were held in Maryland, and petitioner paid income and property taxes there. These facts support the Board's decision that petitioner was engaging in business in the District of Columbia within the meaning of the business-privilege tax statute.[2]

██ Petitioner contends that the statute, if construed to apply to it, is unconstitutional. But the cases just cited show that a tax on the privilege of conducting business activities here may constitutionally be measured by the taxpayer's gross receipts, despite the fact that the taxpayer's business is carried on outside as well as inside the District. It is immaterial that the business involves the exploitation of land in Maryland.[3] It was stipulated, in proceedings before the Board, that "if it is determined that the petitioner is subject to the provisions of the District of Columbia Business Privilege Tax Law, the Assessor's computation of petitioner's liability for the tax thereunder for each of the years in question is correct."

██ Petitioner's contention that the assessor did not observe the requirements of the statute is without merit. As early as December, 1937, the Corporation Counsel's office informed petitioner that if it solicited business in the District it was liable to the tax. In January, 1938, petitioner was twice invited to comply with the law. On May 25, 1939, petitioner was given formal notice that the assessor would determine the amount of the taxes from available information, as the statute authorized, if returns were not filed within twenty days. On June 17, 1939, petitioner had still failed to file a proper return. The assessor thereupon fixed the taxes on the basis of petitioner's 1936 income tax return, and so notified the petitioner. The complaint that the time for assessment had expired is not supported by anything in the statute.[4] Moreover this tax, like the federal income tax, becomes due without assessment.

Affirmed.

[1] Act of Aug. 17, 1937, D.C.Code (1929), Supp. III, Tit. 20, § 970.

[2] Neild v. District of Columbia, 71 App. D.C. 306, 110 F.2d 246; General Electric Co. v. District of Columbia, 71 App.D.C. 321, 110 F.2d 261; Colgate Palmolive Peet Co. v. District of Columbia, 71 App. D.C. 324, 110 F.2d 264. Cf. Potomac Electric Power Co. v. Hazen, 67 App. D.C. 161, 90 F.2d 406.

[3] New York ex rel. Cohn v. Graves, 300 U.S. 308, 57 S.Ct. 466, 81 L.Ed. 666, 108 A.L.R. 721; Potomac Electric Power Co. v. Hazen, supra. Cf. Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229.

[4] Maryland & Virginia Milk Producers' Ass'n, Inc., v. District of Columbia, 73 App.D.C. 399, 119 F.2d 787, 789, 790.